UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

VIRGINIA HACKLER          )
                          )
          Plaintiff,      )
                          )
v.                        )          No. 3:17-CV-130-HBG
                          )
AMERICAN ESOTERIC LABORATORIES,      )
INC., d/b/a MEMPHIS PATHOLOGY        )
LABORATORY, INC., a/k/a MEMPHIS      )
PATHOLOGY LABORATORY d/b/a           )
AMERICAN ESOTERIC LABORATORIES,      )
a DIVISION of SONIC HEALTHCARE,      )
                          )
          Defendant.      )

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the

Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings,

including entry of judgment [Doc. 10].

Now before the Court are the parties' Motions in Limine [Docs. 87, 89, 91, 93, 95, 108,

and 111] and Defendant's Motion to Bifurcate [Doc. 109]. The parties appeared before the Court

on November 27, 2019, for a pretrial conference. Attorneys David Alexander Burkhalter, III, and

David A. Burkhalter, II appeared on behalf of Plaintiff. Attorneys Chris McCarty and Caitlyn

Elam appeared on behalf of Defendant. Accordingly, for the reasons explained at the pretrial

conference, the Court **FINDS** as follows:

1. Defendant's Motion in Limine to Limit or Exclude Testimony
   by Witness June Spooner [**Doc. 87**] is hereby **GRANTED**. June
   Spooner's testimony regarding her own termination is irrelevant
   under Federal Rule of Evidence 403 and her testimony regarding
   her sense that it was a hassle for Plaintiff's supervisor to secure
   coverage for Plaintiff's route is speculative.

2. Defendant's Motion in Limine to Prohibit Plaintiff's Lay and Speculative Testimony Regarding Causation [**Doc. 89**] is **DENIED**. Defendant may cross examine Plaintiff on her alleged mental and emotional distress.

3. Defendant's Motion in Limine to Prohibit Plaintiff's Testimony Regarding Her Opinion of Demeanor During Termination [**Doc. 91**] is **DENIED AS MOOT.** Defendant withdrew the motion at the hearing.

4. Defendant's Motion in Limine to Prohibit Plaintiff's Hearsay Testimony [**Doc. 93**] is **GRANTED**. Plaintiff's testimony regarding statements made by Karen Reed to Regina Jenkins and then repeated from Jenkins to Plaintiff constitutes hearsay within hearsay. Further, Plaintiff's testimony that "other people" heard Karen Reed's comments is hearsay and speculative.

5. Defendant's Motion in Limine to Exclude Hearsay Testimony from Witness Shannon Bolden [**Doc. 95**] is **GRANTED** to the extent that Bolden's testimony constitutes hearsay.

6. Defendant's Motion in Limine to Bar Portions of Testimony from Witness Jacky Allen [**Doc. 108**] is **GRANTED**. Such testimony set forth in exhibit one constitutes speculation and hearsay.

7. Plaintiff's Motions in Limine One Through Three [**Doc. 111**] are **GRANTED**. The parties agreed that Defendant's lack of insurance and the EEOC findings are irrelevant. The Court further finds that Plaintiff's unemployment benefits are irrelevant, but Defendant may use the unemployment application for impeachment purposes.

8. Finally, with respect to Defendant's Motion to Bifurcate, the parties agreed the bifurcation is appropriate in this case. Accordingly, the Motion to Bifurcate is **GRANTED** [**Doc. 109**].

**IT IS SO ORDERED.**

ENTER:

United States Magistrate Judge